**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                   4:20-cr-00102-DPM-3

MEGHAN BERRY                                                DEFENDANT

**<u>ORDER</u>**

**I.      BACKGROUND**

Pursuant to the Bail Reform Act, the Court held a hearing for Ms. Berry on August 27, 2020.   Given the nature of her charges, Defendant Berry was subject to the rebuttable presumption that no condition or combination of conditions would reasonably assure her appearance for court and the safety of the community.  18 U.S.C. § 3142(e)(3).  After hearing the defense's evidence, I found Ms. Berry failed to overcome this presumption.  (Doc. No. 123.)

Now, Ms. Berry has filed a "Motion for Release Into Rehab."  (Doc. No. 145.)  She states she previously downplayed the seriousness of her drug addiction and she has now realized her need for treatment.  (*Id.*)

**II.     ANALYSIS**

A detention hearing may only be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  The matter should not be reopened if the evidence was available at the time of the initial hearing.  *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per

1

curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Flores*, 856 F. Supp. 1400, 1405-07 (E.D. Cal. 1994).

I find Ms. Berry's proposal to be released to drug treatment fails to qualify as "new" information under the Bail Reform Act. Moreover, even if it could be considered "new," it does not bear materially on the basis for finding Ms. Berry should be detained. As previously stated, Ms. Berry was detained largely due to her "admission under oath that she harbored her husband and co-defendant, Jesse Berry, who she knew to be a fugitive, including driving him to Arizona to evade the capture." (Doc. No. 123.)

## III.    CONCLUSION

Accordingly, Ms. Berry's Motion for Release Into Rehab (Doc. No. 145) is DENIED. Ms. Berry is to remain in the custody of the United States Marshal with the same provisions previously ordered.

IT IS SO ORDERED this <u>14th</u> day of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE